UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-4171

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

MAMADOU LAMARANA BAH, a/k/a Lanzo,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   James C. Dever III, Chief District Judge.  (5:15-cr-00146-D-2)

Argued:  May 11, 2017                                    Decided:  June 1, 2017

Before NIEMEYER, MOTZ, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Elisa Cyre Salmon, SALMON LAW FIRM, LLP, Lillington, North Carolina, for Appellant.   Kristine L. Fritz, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.  **ON BRIEF:** John Stuart Bruce, United States Attorney, Jennifer P. May-Parker, First Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mamadou Lamarana Bah pled guilty to conspiracy to commit access device fraud, in violation of 18 U.S.C. § 1029(b)(2), and to aggravated identity theft and aiding and abetting, in violation of 18 U.S.C. §§ 1028A(a)(1) and 2. The district court sentenced Bah to 48 months for the conspiracy — an upward variance of 18 months from Bah's advisory Guidelines range — and to a statutorily mandated consecutive sentence of 24 months for the aggravated identity theft offense. Bah appeals, arguing that his sentence is neither procedurally nor substantively reasonable. Finding no reversible error, we affirm.

I.

From December 2011 to January 2014, Bah acted as an upper-level manager of an elaborate scheme involving credit card fraud, identity theft, and cigarette trafficking. The scheme involved re-encoding used credit cards and gift cards with stolen credit card information, using these cards to buy cigarettes in North Carolina, and then selling the cigarettes for profit in New York. Bah and his co-conspirators travelled to North Carolina approximately every two to three weeks during the years they ran the scheme. As an upper-level manager, Bah coordinated the trips to North Carolina, procured stolen credit card information, re-encoded credit cards and gift cards with the stolen information, gave the cards to local runners to use to buy cigarettes, and transported the cigarettes back to New York. Bah was ultimately found responsible for 238 stolen credit card accounts, fifteen of which were used to obtain charges of more than $500.

During the scheme, Bah had several run-ins with law enforcement officers. In December 2011, Raleigh police discovered Bah and several others in a hotel room with over 100 cards that had been re-encoded with stolen credit card data. Although state authorities did not pursue charges, this encounter triggered an investigation of Bah by the Secret Service. In September 2013, Bah and a co-conspirator were pulled over while driving in South Carolina. Police discovered a cache of gift cards (later found to be encoded with stolen information) and cartons of cigarettes. Police seized the items but did not charge Bah or his co-conspirator at that time. In January 2014, police arrested Bah while he was using re-encoded cards to buy cartons of cigarettes at a gas station in Halifax County, North Carolina.

After his arrest in January 2014, Bah posted bond and relocated to Missouri. There, he engaged in a similar, separate credit card fraud scheme post-dating the charges at issue in this case. In October 2014, authorities arrested Bah and a Missouri state court convicted him of charges relating to that scheme. Bah received a five-year sentence for those crimes, but served less than four months of the sentence before being paroled and transferred to federal custody in North Carolina.

On May 7, 2015, a grand jury returned a five-count indictment against Bah and a co-defendant for their involvement in the North Carolina scheme. As part of a plea agreement, Bah pled guilty to one count of conspiracy to commit access device fraud from December 2011 to January 2014, in violation of 18 U.S.C. § 1029(b)(2), and one count of aggravated identity theft and aiding and abetting in violation of 18 U.S.C. §§ 1028A(a)(1) and 2.

3

At sentencing, the district court calculated Bah's criminal history category to be III and the offense level relating to the conspiracy count to be 15, which translated to a Guidelines range of 24 to 30 months for the conspiracy offense. The aggravated identity theft count carried a mandatory 24-month consecutive sentence. Accordingly, the district court calculated Bah's combined Guidelines range to be 48 to 54 months.

Bah argued for a sentence at the bottom of the Guidelines range. The government moved for a downward departure under U.S.S.G. § 5K1.1 in light of Bah's recent assistance with on-going investigations. The government recommended a sentence of 41 months, which reflected a 25% reduction from the top of Bah's combined Guidelines range. The government acknowledged that it was unusual for it to recommend calculating a departure from the *top* of the Guidelines range, but explained that the "egregious nature of the criminal conduct," the ongoing nature of the scheme, and the defendant's failure to reform even after repeated run-ins with law enforcement warranted calculating a limited departure in this manner. The district court granted the government's motion for a limited departure, but rejected the government's recommended sentence, explaining that it believed a higher sentence would be necessary.

The district court then applied the 18 U.S.C. § 3553(a) factors to the circumstances of Bah's case. It noted that it would have imposed a higher sentence absent Bah's cooperation, but did not identify the extent of the downward departure it had applied. The district court then determined that given the scope, length, and seriousness of the scheme, an upward variance from the Guidelines range was necessary to prevent Bah from committing further crimes, provide just punishment, and provide general deterrence. It

4

sentenced Bah to 48 months for the conspiracy count and a consecutive 24 months for the aggravated identity theft offense for a total sentence of 72 months' imprisonment. The court also explained that even if it had incorrectly calculated the advisory Guidelines range, it would still impose the same variant sentence. Bah timely noted this appeal.

## II.

We review a sentence for procedural and substantive reasonableness. *Gall v. United States*, 552 U.S. 38, 51 (2007). We "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Id.* If we find the sentence to be procedurally reasonable, we then consider the substantive reasonableness of the sentence — whether the sentence satisfies the § 3553(a) standards — under an abuse-of-discretion standard. *Id.*

### A.

Bah first argues that his sentence is procedurally unreasonable. Bah does not contest that the district court correctly calculated his Guidelines range, treated the Guidelines as discretionary, gave him an adequate opportunity to argue for the sentence he believed to be appropriate, properly considered all of the § 3553(a) factors, and adequately explained its reasons for imposing its final sentence. Rather, Bah's sole argument is that the court

erred in granting the § 5K1.1 departure without identifying the extent of that departure.[*] He maintains that he therefore does not know the benefit afforded as a result of his cooperation nor the extent of the upward variance the district court later imposed.

The record reveals that the district court thoroughly articulated its reasons under § 3553(a) for imposing the sentence that it did. The court explained that Bah had not been deterred by his previous encounters with law enforcement, and that a significant term of incarceration was necessary to prevent him from committing further crimes. The court also explained that the seriousness of crime, which involved many victims over a long period of time, warranted significant punishment. This thorough and individualized explanation sufficed to inform Bah of the reasons for the sentence imposed and to allow for meaningful appellate review.

Bah points to no binding authority for the proposition that remand is necessary when the district court fails to quantify the extent of a downward departure but adequately explains the reasons for its final sentence. This makes sense given that the primary purpose of providing an in-depth explanation is to allow for adequate appellate review and given that review of a district court's decision not to depart downward or the extent of that downward departure (as opposed to the reasonableness of the sentence as a whole) is circumscribed. *See United States v. Brewer*, 520 F.3d 367, 371 (4th Cir. 2008).

---

[*] The parties dispute whether Bah preserved this claim and therefore whether we should review under an abuse-of-discretion or plain error standard. Because we would affirm under either standard, we need not decide whether Bah preserved his argument.

B.

Bah also argues that his sentence is substantively unreasonable because it is greater than necessary to achieve the statutory purposes of sentencing. He emphasizes that the sentence is 18 months above the Guidelines range and 31 months above the government's recommended sentence, and that he had already served time in state custody for his Missouri conviction. Bah also argues that the district court impermissibly relied on his immigration status in determining his sentence.

When reviewing the substantive reasonableness of a sentence, we give "due deference to the District Court's reasoned and reasonable decision that the § 3553(a) factors, on the whole, justified the sentence." *Gall*, 552 U.S. at 59–60.

In finding that a sentence of 48 months for the conspiracy to commit access device fraud and a consecutive 24 months for the aggravated identity theft offense was sufficient but not greater than necessary to accomplish the § 3553(a) sentencing goals, the district court took into account that Bah was an upper-level manager of the scheme, that the scheme ran for years and involved the stolen credit card information of a significant number of people, and that Bah was likely to keep on committing crimes. These considerations speak directly to several § 3553(a) factors. *See* 18 U.S.C. § 3553(a)(1) (the nature and circumstances of the offense and the history and characteristics of the defendant); *id.* § 3553(a)(2)(A) (the need to reflect the seriousness of the offense, promote respect for the law, and provide just punishment); *id.* § 3553(a)(2)(B) (the need for adequate deterrence); *id.* § 3553(a)(2)(C) (the need to protect the public from further crimes of the defendant).

The district court was not unreasonable in rejecting Bah's argument that he had already spent significant time in state custody in relation to a separate credit card fraud scheme, especially given that Bah served only a few months of imprisonment for that conviction. We also reject Bah's argument that the district court impermissibly relied on Bah's immigration status. The record does not reflect such impermissible reliance. Bah's counsel raised the significant hardship Bah had experienced prior to immigrating to the United States as a mitigating factor. The district court simply responded that this did not warrant leniency because Bah had squandered the opportunity to come to the United Statas by using that opportunity to run elaborate fraud and identity theft schemes. The court did not rely on Bah's national origin or his immigration status as a reason for the upward variance.

The district court's thoroughly articulated reasons for the sentence it imposed more than adequately support the upward variance. Accordingly, we conclude that Bah's sentence was substantively reasonable.

III.

For the foregoing reasons, the judgment of the district court is

*AFFIRMED*.

8